UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

DORIS FEBO,

                Plaintiff,

   -against-

CAROLYN W. COLVIN, COMMISSIONER
OF SOCIAL SECURITY,

                Defendant.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-14-14

12 Civ. 8085 (PAC)(SN)

<u>ORDER ADOPTING REPORT &
RECOMMENDATION</u>

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiff Doris Febo brings this action pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c), seeking judicial review of a final decision of Carolyn Colvin, the acting Commissioner of Social Security[1] (the "Commissioner") denying her application for Disability Insurance and Supplemental Security Insurance ("SSI") benefits. Febo moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and, in the alternative requests remand to the Commissioner for further proceedings. (Docket No. 11.) The Commissioner cross-moves for judgment on the pleadings pursuant to Rule 12(c). (Docket No. 14.)

    On November 14, 2012, this matter was referred to Magistrate Judge Sarah Netburn for purposes of general pretrial and dispositive motions. Upon consideration of the parties' cross-motions, Magistrate Judge Netburn issued a Report and Recommendation ("R&R") on September 4, 2013, recommending denial of the Commissioner's motion for judgment on the pleadings, and granting Plaintiff's motion to remand the case to the Commissioner for proper

---

[1] This case was originally captioned as *Doris Febo v. Michael J. Astrue, Commissioner of Social Security*. Carolyn W. Colvin became the Commissioner of Social Security on February 14, 2013. Colvin was thereafter substituted for Astrue as the Defendant in this suit, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

application of the treating physician rule. Specifically, Magistrate Judge Netburn found the Administrative Law Judge's ("ALJ") application of the treating physician rule suffered from several related errors necessitating remand: (1) the ALJ's decision that the treating physician's opinion was not entitled to controlling weight was not supported by substantial evidence; (2) in deciding that the treating physician's opinion was not controlling, the ALJ did not properly apply the six-factor test required by the regulations; and (3) the ALJ improperly assessed the weight of the consultative physicians' opinions. (R&R at 23.) Magistrate Judge Netburn also found that (1) "the ALJ committed legal error in assessing Febo's credibility" (R&R at 34); and (2) "[a]fter clarification and development of the record upon remand, the testimony of a vocational expert may be necessary." (R&R at 35.) Since Magistrate Judge Netburn concluded that the ALJ committed legal errors requiring remand, she did not reach the ultimate question of whether the ALJ's decision was supported by substantial evidence. (R&R at 37.)

Defendant objected to Magistrate Judge Netburn's R&R: (1) the ALJ was not required to address each factor listed in 20 C.F.R. §§ 404.1527(c), 416.927(c), 416.927(c) in his determination of the weight to be given to the Plaintiff's treating physician; (2) the ALJ properly gave little weight to the Plaintiff's treating physician because the ALJ addressed relevant facts and found that Dr. Clair's opinion was inconsistent with the rest of the record; (3) the ALJ properly gave great weight to the state agency medical consultant and consultative examiner as per SSR 96-6p; and (4) the ALJ properly evaluated the Plaintiff's credibility after considering the entirety of the record. Plaintiff responded to Defendant's Objections urging the Court to adopt Magistrate Judge Netburn's R&R.

For the reasons that follow, the Court adopts Magistrate Judge Netburn's R&R in its

entirety. The case is remanded for further proceedings consistent with this Order Adopting Report and Recommendation.

## DISCUSSION[2]

### I. Standard

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). When a timely objection is made to the magistrate's recommendations, the Court is required to review the contested portions *de novo*. *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The Court however, "may adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

### II. Analysis

In reviewing the Commissioner's application of the five step sequence to Plaintiff's disability claim, there is no dispute as to Steps 1 to 3. Since there are no objections, and finding no clear error, the Court adopts these portions of Magistrate Judge Netburn's R&R.

There are disputes, however, as to the weight to be given to Plaintiff's treating physician; the weight to be given to the state agency medical consultant and consultative examiner; and how credibility is to be determined, especially in connection with analyzing claimant's residual functional capacity at Step 4. These determinations in turn affect Step 5.

#### A. ALJ Axelsen's Assessment of Dr. Clair's Opinion

Defendant objects to the R&R, arguing that the ALJ properly evaluated the medical

---

[2] The facts of this case are taken from Magistrate Judge Netburn's R&R. For the sake of consistency, this opinion uses the same notation for citations to the record as the R&R.

opinion of Dr. Clair, one of Plaintiff's treating physicians. Defendant asserts that no mandatory recitation of each factor[3] is required where the ALJ's reasoning and adherence to the regulations are clear. *Atwater v. Astrue*, 512 Fed. Appx. 67, 70 (2d Cir. 2013). It is not evident from the ALJ's opinion, however, that these factors were considered. While no complete recitation is required, the ALJ should have more explicitly addressed how the factors listed in 20 C.F.R. § 404.1527 led to his determination.

Defendant also objects to Magistrate Judge Netburn's finding that there was no substantial evidence to support the ALJ's decision that the treating physician's opinion was not entitled to controlling weight. (Def.'s Obj. at 4.) Where an ALJ does not credit the findings of a treating physician, the claimant is entitled to an explanation of that decision. *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999). Additionally, 20 C.F.R. § 404.1527(c)(2) requires the Commissioner to "always give good reasons in [its] notice of determination or decision for the weight [it] give[s] [a party's] treating source's opinion." "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases." *Snell*, 177 F.3d at 134.

The ALJ cited three reasons to support his decision: (1) Plaintiff is able to care for her personal needs; (2) she has the ability to seek public assistance; and (3) she has the capacity to plan trips to and from Florida and New York. Plaintiff's assistance with daily chores, however, does not plainly undermine her overall ability to care for her personal needs. *See Rivera v. Apfel*, 1999 WL 138920 at *10 (S.D.N.Y. 1999). Furthermore, the record reflects that the tasks that the ALJ references approach the full extent of what Plaintiff is able to do. The record also indicates

---

[3] The six factors are (1) examining relationship (of doctor and claimant); (2) treatment relationship (of doctor and claimant); (3) supportability (of the opinion, based on medical records); (4) consistency (with the record); (5) specialization (of the doctor); and (6) other factors (including the treating physician's familiarity with disability). 20 C.F.R. § 404.1527.

that Plaintiff has a tendency toward isolation and periodically has harmful thoughts and panic attacks. Though the ALJ based his decision partially on Plaintiff's alleged capacity to plan trips, Plaintiff experiences anxiety when traveling alone. (*See, e.g.*, R. 288.)

The ALJ also fails to mention the significant length of the treatment relationship between Dr. Clair and Plaintiff; the nature and extent of the treatment relationship; the evidence in the record that supports Dr. Clair's opinion; and Dr. Clair's specialization in treating depression and anxiety. Failing to address such factual considerations constitutes legal error. Given the weight of the evidence that opposes the ALJ's decision, on remand he should consider the evidence supporting Dr. Clair's opinion, and provide clear reasoning if he decides not to accept it.

**B.     ALJ Axelsen's Assessment of Dr. Flach's and Dr. Reddy's Opinions**

Defendant also asserts that the ALJ properly assigned great weight to Dr. Flach's and Dr. Reddy's opinions, consulting physicians who met Plaintiff once and not at all, respectively. (Def's Obj. at 6; R&R at 27.) The opinions of non-treating physicians may only be entitled to greater weight than treating physicians when those reports "provide[] more detailed and comprehensive information than what was available to the individual's treating source." SSR 96-6p.

The information available to and provided by Dr. Clair is far more extensive than that available to the consultants. The record includes treating notes that reflect Febo's frequent appointments with Dr. Clair over a 14 month period. The Defendant cites *Diaz v. Shalala*, 59 F.3d 307 (2d Cir. 1995) for the proposition that opinions of nonexamining source may override treating sources' opinions provided they are supported by evidence in the record. But in that case the "treating source" was a chiropractor, whose opinion was not entitled to controlling

weight under the regulations. That case is distinguishable from this one, in which Dr. Clair is a psychiatrist.

More importantly, this Court doubts that the consultants' opinions, which were based on a review of Plaintiff's file and at most one meeting with Plaintiff, are superior to Dr. Clair's opinion, which was based on a much more involved and extensive period of treatment. The ALJ relied on the consultants' opinions because of their experience in evaluating disabilities and their consistency with the claimant's alleged ability "to care for her personal needs; travel from one state to another; and seek public assistance." (R. 22.) But given the inadequacy of these reasons, discussed above, this explanation alone does not warrant the great weight given to the consultants' opinions over those of the treating physician pursuant to SSR 96-6p.

### C.    ALJ Axelsen's Evaluation of Plaintiff's Credibility

Defendant objects to Magistrate Judge Netburn's finding that the ALJ improperly evaluated Plaintiff's credibility regarding the intensity, persistence, and limiting effects of Plaintiff's symptoms which affect her residual functional capacity. Where an ALJ rejects testimony as not credible, the reasoning for the ALJ's finding "must . . . be set forth with sufficient specificity to permit intelligible plenary review of the record." *Williams v. Bowen*, 859 F.2d 255, 260-61 (2d Cir. 1988). The ALJ determined that the Plaintiff was not credible because Plaintiff is "able to care for her personal needs; has the ability to seek public assistance; and has the capacity to plan trips to and from Florida and New York." (R. 22.) The ALJ should have explained how he reconciled this position with other record evidence, for example, the medications Plaintiff had been prescribed to control her symptoms, her persistent tendency towards isolation, her additional treatment for alcoholism, and the fact that her anxiety is clearly

triggered by social interactions. Additionally, while Defendant submits that the ALJ made his credibility finding on the basis of the entire case record (R. 20), that does not satisfy the specificity requirement set out in *Williams*. In light of this evidence, the ALJ was required to further explain his credibility determination.

Furthermore, the ALJ assessed Plaintiff's credibility and his residual functional capacity in reverse order. Regardless of what Defendant argues the ALJ intended by saying "the claimaint's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment," (R. 22.) this boilerplate statement is problematic because it "implies that ability to work is determined first and is then used to determine the claimaint's credibility." *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012).[4] An ALJ cannot discredit a claimant's subjective complaints *because* they do not comport with the ALJ's own RFC assessment. *See, e.g., Perrin v. Astrue*, 2012 WL 4793543 at *5 (E.D.N.Y. Oct 9, 2012); *Cruz v. Colvin*, 2014 WL 774966 at *2 (S.D.N.Y. Feb. 21, 2014). The ALJ should have first determined the extent to which claimant's statements about the intensity, persistence, and limiting effects of her symptoms were credible in light of the objective record evidence, and then used this as one aspect of his own RFC analysis. This legal error also must be corrected on remand.

**D. Use of the Medical Vocational Guidelines**

In Step 5 of the five-step sequence used in evaluating disability claims pursuant to 20 C.F.R. §§ 404.1520 & 416.920, the ALJ relied on the Medical-Vocational Guidelines to

---

[4] While the Defendant cites *Campbell v. Comm'r of Soc. Sec.*, 2010 WL 5536324, (N.D.N.Y. Dec. 20, 2010) which contains similar boilerplate language, in *Campbell* the language was excused because it was attached to an otherwise sound assessment. That is not true here

determine the work that Febo could perform. Based on the conclusion of his analysis of Febo's residual functional capacity at Step 4, the ALJ did not consult a vocational expert; he concluded that Febo's mental limitations did not affect the occupational base of unskilled work she is able to perform. (R. 22.)

At Step 5, the Commissioner bears the burden to "produce evidence to show the existence of alternative substantial gainful work which exists in the national economy and which the claimant could perform, considering not only his physical capability but as well his age, his education, his experience, and his training." *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir.1980). The Commissioner can rely on the medical vocational guideline "grids" in making this determination. *Martin v. Astrue,* 337 F. App'x 87, 90 (2d Cir.2009). However, "relying solely on the [g]rids is inappropriate when nonexertional limitations 'significantly diminish' plaintiffs ability to work so that the [g]rids do not particularly address plaintiffs limitations." *Vargas v. Astrue,* 10 Civ. 6306, 2011 WL 2946371 at *13 (S.D.N.Y. July 20, 2011).

As discussed above, on remand the Commission must reconsider and more specifically explain its findings about Febo's residual functional capacity. If Febo's mental impairments are determined to be more severe than the ALJ originally found, then strict application of the grids is inappropriate and consultation with a vocational expert is necessary.

## CONCLUSION

Having reviewed the record *de novo* as to the issues raised in Defendant's objections and finding Defendant's objections without merit, this Court adopts Magistrate Judge Netburn's R&R in its entirety. The Court declines to reach the question of whether the Commissioner has shown that the ALJ's decision was supported by substantial evidence. Defendant's motion is denied. Plaintiff's motion for judgment on the pleadings is granted to the extent that the case is

remanded to the Commissioner for further proceedings and review consistent with this Order.

The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York
March 14, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge